# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-CV-00065-JHM

DOMINIQUE J. BROCK                                                                          PLAINTIFF

v.

SAMUEL WRIGHT, et al                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon plaintiff Dominique J. Brock's motions to seal the case (DN 54) and for a preliminary injunction. (DN 55.) These matters are ripe for decision. For the following reasons, both motions will be **DENIED**.

### I. BACKGROUND

According to the complaint, Brock was an inmate at Green River Correctional Complex. In May 2014, he was involved in an altercation with an inmate named Timothy Delahanty, who Brock alleges has ties to a white supremacist group. Following the altercation, Brock was placed on "rec alone," meaning he could not be placed in a recreation cage with other inmates. However, on June 4, 2014, Brock was placed in a recreation cage with defendant David Hicks, who Brock alleges was another white supremacist in the prison. Hicks and another unknown individual assaulted Brock in the recreation cage. Brock alleges that prison staff conspired with Hicks to have Brock assaulted in retaliation for his prior altercation with Delahanty and a previous lawsuit Brock filed while being housed at the Crittenden County Jail.

Brock originally brought various constitutional and state-law claims against three guards who were at the scene of the recreation cage fight, Karen Stammers, Samuel Wright, and Stephen Embry; the prison official who handled his appeal, Stephen Wright; and Hicks. Following this Court's *pro se* screening process (DN 11), a motion for summary judgment by the

defendants employed by the prison (DN 33), and the entry of default judgment against Hicks (DN 52), the only claims that remain are § 1983 claims against Samuel Wright for (1) failure to protect and (2) deliberate indifference. The Court vacated the jury trial that was set to allow for additional discovery. (DN 52.) Since then, Brock has filed a motion to seal the case (DN 54), as well as a motion for "preliminary injunctive relief." (DN 55.) In his motion for a preliminary injunction, he asks that he be transferred from Kentucky State Penitentiary ("KSP"), where he is currently housed, to Roederer Correctional Complex ("RCC") until the conclusion of this case. In support of this request, he states that he has been assaulted by prison staff at KSP in retaliation for exercising his First Amendment rights by pursuing the present case.

## II. MOTION TO SEAL

The Court will first address Brock's motion to seal. "A strong public right of access attaches when a document is filed or utilized in public proceedings." *Karl v. Bizar*, 2009 WL 3644115, at *1 (S.D. Ohio Oct. 28, 2009) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178–79 (6th Cir. 1983)). This right of access is reflected in this Court's Local Rules governing civil proceedings, which "presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances" in accordance with a federal statute, federal rule of procedure, local rule, or order of this Court. LR 5.7(a). Brock's motion to seal the case mentions no law that would allow the Court to seal the case, and it offers no justification for restricting public access to the filings. He mentions that this case has been "constantly rumored and fabled about," but he offers no elaboration as to what this means or why it justifies sealing the case. As such, the motion to seal is **DENIED.**

### III. MOTION FOR PRELIMINARY INJUNCTION

#### A. STANDARD OF REVIEW

The Court must balance four factors in deciding whether to issue a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emp. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (internal quotation marks omitted). The four preliminary injunction factors are "factors to be balanced, not prerequisites that must be met." *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)). Nonetheless, the hallmark of injunctive relief is a likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("[T]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22–23 (2008) (rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is *likely* in the absence of an injunction") (emphasis in original). Additionally, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Because "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), "the party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*,

42 F.3d. 470 (8th Cir. 1994)). This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

### B. ANALYSIS

Brock's motion for a preliminary injunction asks the Court to order that he be moved from KSP to RCC until the present case is completed, as prison staff at KSP have physically assaulted him in retaliation for his participation in this case. The Court will deny the motion, as all four factors weigh against granting injunctive relief.

First, Brock has not shown that he has a strong likelihood of success on the merits, as his motion fails to make any such argument. But even if he had shown that he is likely to prevail at trial, it would not justify the granting of the injunctive relief that he seeks, as that relief differs from the relief he is seeking through his complaint. In his motion for a preliminary injunction, Brock seeks to be moved from KSP because of the retaliation he faces for exercising his First Amendment rights in this case, but he has not asserted a First Amendment retaliation claim in this case or directed any claim towards a defendant who is employed by KSP. His assertions of First Amendment retaliation may form the basis of a new claim, but no such claim has yet been asserted that the Court could evaluate its likelihood of success and possibly grant injunctive relief in the form that Brock seeks. Thus, Brock cannot demonstrate the necessary "relationship between the injury claimed in [his] motion and the conduct asserted in the complaint." *Colvin*, 605 F.3d at 300. *See also Devose*, 42 F.3d at 471 (holding that "new assertions" of retaliation and mistreatment "cannot provide the basis for a preliminary injunction").

4

Second, Brock has not shown irreparable harm. The law is clear that inmates have no constitutional right to be incarcerated in any particular institution. *See Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). And although a federal court has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is in imminent or grave danger, *see, e.g.*, *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980), Brock's allegation of previous assaults does not constitute evidence upon which this Court can find that a transfer is warranted on this ground. *See, e.g.*, *Basey v. Mooneyham*, 172 F. App'x 582, 584 (5th Cir. 2006) (denying request for preliminary injunction for transfer where prisoner only alleged he had been previously assaulted by prison officials).

Finally, the third and fourth elements of the analysis also weigh against granting preliminary injunctive relief. It is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations. Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, 2010 WL 4962933, at *7 (E.D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

Brock has failed to meet his burden for this Court to grant a preliminary injunction. As such, the motion for preliminary injunctive relief is **DENIED**. However, if Brock believes that he has been deprived of any constitutional rights by the events described in the motion for a preliminary injunction, he is free to raise those claims in a separate § 1983 action.

\*\*\*

As a final note, the Court will remind Brock that any more filings that he wishes to make in this case must be made in the form of a motion. The Court advised Brock at the pretrial conference for this case that, if he wished to make a motion, he must file a motion with the Court that is stylized as such, as opposed to sending a letter to the Court with requests. Brock has continued to send letters to the Court, most recently having sent a letter requesting an extension of time from the Court to file a response. Any motion must take the form of a motion and be properly served upon all opposing parties. All further letters that are sent to the Court will be disregarded.

## IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiff Dominique J. Brock's motion to seal the case (DN 54) is **DENIED**. **IT IS FURTHER ORDERED** that plaintiff Brock's motion for a preliminary injunction (DN 55) is **DENIED**.

Plaintiff Brock is **INSTRUCTED** that he is to file no more letters in the record. Any letters to the Court will be disregarded. If Brock wishes to make a motion, he must file a motion with the Court and direct service of the motion upon the defendants in this case.

cc: Counsel of record
    Dominique J. Brock, *pro se*