# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-CV-00065-JHM

DOMINIQUE J. BROCK                                                                              PLAINTIFF

v.

SAMUEL WRIGHT, et al.                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for summary judgment by defendant Samuel Wright. (DN 62.) This matter is ripe for decision.

## I. BACKGROUND

According to the complaint, Brock was an inmate at Green River Correctional Complex. In May 2014, he was involved in an altercation with an inmate named Timothy Delahanty, who Brock alleges has ties to a white supremacist group. Following the altercation, Brock was placed on "rec alone," meaning he could not be placed in a recreation cage with other inmates. However, on June 4, 2014, Brock was placed in a recreation cage with defendant David Hicks, who Brock alleges was another white supremacist in the prison. Hicks and another unknown individual assaulted Brock in the recreation cage. Brock alleges that prison staff conspired with Hicks to have Brock assaulted in retaliation for his prior altercation with Delahanty and a previous lawsuit Brock filed while being housed at the Crittenden County Jail.

Brock originally brought various constitutional and state-law claims against three guards who were at the scene of the recreation cage fight, Karen Stammers, Samuel Wright, and Stephen Embry; the prison official who handled his appeal, Stephen Wright; and Hicks. Following this Court's *pro se* screening process (DN 11), a motion for summary judgment by the defendants employed by the prison (DN 33), and the entry of default judgment against Hicks

(DN 52), the only claims that remain are § 1983 claims against Samuel Wright for (1) failure to protect and (2) deliberate indifference. The Court vacated the jury trial that was set to allow for additional discovery and further dispositive motions. (DN 52.) Wright has now moved for summary judgment as to both claims that remain against him. (DN 62.)

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying the portion of the record that demonstrates the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies this burden, the non-moving party must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to show that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. ANALYSIS

Wright argues that he is entitled to summary judgment on both claims that remain against him, as Brock has failed to establish that he has a cognizable physical injury for which he could recover damages. The Prison Litigation Reform Act states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Brock has asserted § 1983 claims against Wright for violations of his Eighth Amendment rights. (Pl.'s Compl. [DN 1] at 4; Mem. Op. and Order [DN 11] at 13 (construing allegations as Eighth Amendment claims for failure to protect and deliberate indifference).) Thus, the statute applies to Brock's claims. *See Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005) (42 U.S.C. § 1997e(e) applies to § 1983 claims for violations of Eighth Amendment rights).

In this circuit, § 1997e(e) requires that a physical injury "be more than *de minimis* for an Eighth Amendment claim to go forward." *Id.* The line between serious and *de minimis* injuries is typically drawn at whether the injury would require "a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis, and/or medical treatment for the injury." *Id.* at 401 (citing *Luong v. Hatt*, 979 F. Supp. 481, 485–86 (N.D. Tex. 1997)). Wright argues that Brock suffered no serious injury for which he could recover damages under § 1997e(e), as prison records and photographs indicate that he only suffered a scratch across his neck during the altercation with Hicks. The prison's "Accident/Extraordinary Occurrence Report" indicates that Brock had an abrasion under his right ear lobe that was one centimeter round and extended to his neckline. (DN 62-2, at 1.) The Report also indicates that Brock had two "healing burns" on his right elbow, although it is unclear if these burns were the result of the

3

altercation, the use of pepper spray to end the altercation, or some other event. (*Id.*) Photos taken two hours after the incident confirm the details in the written report. (*Id.* at 2–3.) In response, Brock only argues that the photos "support [the] allegations raised in [the] original complaint[.]" (Pl.'s Resp. [DN 66] at 3.)

The Court finds that Brock suffered nothing more than a *de minimis* injury during the altercation that gave rise to his claims against Wright. Even taking into account the two burn marks of questionable origin, Brock's scratch on the neck and burn marks are not the type of serious injury that would allow him to recover for an Eighth Amendment violation. *See Corsetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2002) (two small bruises and minor cuts that did not require medical attention were *de minimis* injuries); *Ratliff v. De Baun*, 2017 WL 4365802, at *8 (W.D. Ky. Sep. 29, 2017) (two burn marks on arm were *de minimis* injury). Brock has not presented proof that he required medical attention for his injuries or that the prison's records understate the extent of his injuries. As such, his injuries are *de minimis*, and they do not give rise to an actionable claim under § 1997e(e). Therefore, the motion for summary judgment by Wright is **GRANTED** as to all remaining claims against him, and he is **DISMISSED** from the action as a party.

***

With the dismissal of Wright, there remain no outstanding claims against any defendant. However, the Court entered a default judgment as to liability against Hicks on September 1, 2017, and indicated that Brock would have the opportunity to prove his damages as to his claims against Hicks at trial. (DN 52, at 2.) No claims remain to be tried, but Brock will still be permitted to present evidence of his damages. **By May 31, 2018,** Brock must submit to the

Court evidence of his damages, either through affidavit or other written evidence. The Court will consider this evidence in awarding damages on his claims against Hicks.

## IV. CONCLUSION

Therefore, for the foregoing reasons, **IT IS HEREBY ORDERED** that the motion for summary judgment by defendant Samuel Wright (DN 62) is **GRANTED**. **IT IS FURTHER ORDERED** that plaintiff Dominique Brock must submit evidence of his damages on his claims against defendant David Hicks **by May 31, 2018.**

*[Signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 6, 2018

cc: Counsel of record
    Plaintiff Dominique J. Brock, *pro se*
    Defendant David Anthony Hicks